UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DARRYL LEWIS DAVIS,

    Petitioner,

v.                                                    Case No. 6:12-cv-1247-Orl-36GJK

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.
_____/

**ORDER**

Petitioner Darryl Lewis Davis ("Petitioner") initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1, filed August 13, 2012). Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 11). Petitioner filed a reply (Doc. 15).

In his sole claim for relief, Petitioner alleges that he was convicted of the offense of robbery with a deadly weapon even though he was charged only with robbery with a firearm (Doc. 1 at 6). The Court cannot reach the merits of this claim because, as explained below, the pleadings and attachments before the Court establish that the petition is untimely.

**I.**     **Background and Procedural History**

On November 13, 2001, Petitioner was charged by amended information with one count of robbery with a firearm (App. B).[1] After a jury trial, Petitioner was convicted of the lesser included offense of robbery with a deadly weapon and sentenced to life in prison (Apps. C, E, F, G). Petitioner's conviction and sentence were *per curiam* affirmed by the Fifth District Court of Appeal on December 16, 2003 (App. K).

---

[1] Unless otherwise specified, all citations to the state court record refer to the exhibits submitted with the response (Docs. 12, 13, filed February 2, 2013).

On July 11, 2004[2] Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850 ("Rule 3.850 motion"), raising one claim of ineffective assistance of counsel (App. L). The post-conviction court denied the Rule 3.850 motion, and the Fifth District Court of Appeal *per curiam* affirmed on October 18, 2005 (Apps. M, N). Petitioner's motion for rehearing was denied on November 30, 2005, and mandate issued on December 19, 2005 (Apps. O, P, Q). The Florida Supreme Court rejected discretionary review on January 5, 2006 (Apps. R, S).

On August 9, 2006, Petitioner filed a motion for resentencing pursuant to Florida Rule of Criminal Procedure 3.800(a) ("Rule 3.800(a) motion"), or alternatively, a second Rule 3.850 motion (App. S). On November 14, 2006, the post-conviction court determined that the Rule 3.850 motion was successive, untimely, and did not warrant relief (App. T). The post-conviction court further determined that even if the motion were construed as a Rule 3.800(a) motion, Petitioner was not entitled to relief. *Id.* Petitioner did not appeal the state court's decision.

On February 8, 2008, Petitioner filed a state habeas petition alleging ineffective assistance of appellate counsel (App. V). The petition was dismissed as untimely on May 22, 2008 (App. X). Petitioner filed another Rule 3.800(a) motion on August 17, 2009 (App. Y). The post-conviction court denied the motion, and the Fifth District Court of Appeal *per curiam* affirmed on June 26, 2012 (App. CC).

The instant petition was filed on August 9, 2012.

---

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So.2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of prison or jail officials for mailing on a particular date, if [that] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date."). For purposes of calculating time, the Court will apply the mailbox rule and refer to the dates Petitioner signed his documents and submitted them to prison authorities. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

## II. <u>Analysis</u>

Pursuant to the requirements set forth in 28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a one year period of limitation applies to the filing of a habeas petition by a person in custody pursuant to a state court judgment. This limitation period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or record, that any of the statutory triggers set forth in §§ 2244(d)(1)(B-D) apply. Therefore, the statute of limitations is measured from the remaining statutory trigger, which is the date on which Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A).

### a. *Petitioner's habeas corpus petition is untimely*

The Fifth District Court of Appeals affirmed *per curiam* Petitioner's direct appeal of his conviction and sentence on December 16, 2003 (App. K). Petitioner's conviction became final for purposes of § 2244(d)(1)(A) on March 15, 2004, when the 90-day period for filing a writ of certiorari to the United States Supreme Court expired. *Nix v. Sec'y, Fla. Dept. Of Corr.*, 393 F.3d 1235,1236–37 (11th Cir. 2004).

Petitioner had one year from that date, or until March 15, 2005, to file his federal habeas petition. *See Downs v. McNeil*, 520 F. 3d 1311, 1318 (11th Cir. 2008) (limitations period should be calculated according to "anniversary method" under which limitations period expires on anniversary of date it began to run). Petitioner's federal petition was not filed until August 9, 2012. Therefore, it is untimely unless tolling principles apply to render it timely.

> b. *Petitioner's state post-conviction motions were insufficient to toll the AEDPA statute of limitations*

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

On July 11, 2004, after 118 days of his federal limitations period had passed, Petitioner filed a Rule 3.850 motion for post-conviction relief (App. L). The post-conviction court denied the motion, and the Fifth District Court of Appeal *per curiam* affirmed without written opinion (App. N). Petitioner's motion for re-hearing was denied, and mandate issued on December 19, 2005 (Apps. O, P, Q). Accordingly, Petitioner's federal limitations period began to run again on that date. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (noting that the statute of limitations was tolled until the mandate issued from the state court of appeals' order denying a rehearing on its affirmance of the state trial court's denial of a motion for post-conviction relief).[3]

---

[3] Petitioner's attempt to invoke the discretionary jurisdiction of the Florida Supreme Court was not a properly filed application for state post-conviction relief and did not operate to toll Petitioner's federal limitations period because such relief is not available under Florida law. *See Jenkins v. State*, 385 So. 2d 1356 (Fla. 1980) (the Florida Supreme Court lacks jurisdiction to review *per curiam* decisions of a state district court of appeal rendered without written opinion); *Wright v. McNeil*, 2009 WL 1058733, *2 n. 4 (N.D. Fla. 2009) (unpublished) (petitioner's notice to invoke the discretionary jurisdiction of the Florida Supreme Court from a *per curiam* affirmance of an order denying a Rule 3.850 motion where the Supreme Court of Florida dismissed the petition for review for lack of jurisdiction, citing *Jenkins v. State*, 385 So.2d 1356 (Fla.1980), did not toll the federal statute of limitations).

After 233 additional days of his federal limitations period had passed, Petitioner filed a second Rule 3.850 motion on August 9, 2006 (App. S). The motion was denied on November 14, 2006, and Petitioner's one-year time period began to run again on that date (App. W). Petitioner filed no additional applications for post-conviction relief until February 8, 2008 when he filed a state habeas corpus petition (App. B). However, Petitioner's limitation period had expired on November 28, 2006, and a tolling motion under § 2244(d)(2) cannot toll the one-year limitations period if that period expired prior to filing the motion. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."). Likewise, neither could Petitioner's August 17, 2009 Rule 3.800(a) motion serve to resurrect a limitations period that had already passed. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (rejecting theory that limitations period was reinitiated upon filing of timely Rule 3.850 motion outside limitations period).

Petitioner filed the instant § 2254 petition on August 9, 2012. Because Petitioner's AEDPA limitations period expired on November 28, 2006, his petition was 2112 days late.

### c.  *Petitioner is not entitled to equitable tolling*

The United States Supreme Court recognizes that the AEDPA limitations period set forth in "§ 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). However, a petitioner is entitled to equitable tolling only if he can demonstrate that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way. *Id.* at 2562 (internal quotations and citations omitted). As to the first prong, "[t]he diligence required for equitable tolling purposes is 'reasonable diligence,' not maximum feasible diligence." Id. at 2565.  To demonstrate the "extraordinary circumstance" prong, a petitioner "must show a

causal connection between the alleged extraordinary circumstances and the late filing of the petition." *San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *Id.* at 1268 (citations omitted). Petitioner fails to demonstrate the existence of "some extraordinary circumstance" so as to entitle him to equitable tolling.

Petitioner argues that his "uncertain understanding" of the AEDPA constitutes extraordinary circumstances warranting equitable tolling (Doc. 15 at 7). Specifically, Petitioner asserts that the Florida Rules of Criminal procedure permit a prisoner to file a Rule 3.800(a) motion in state court at any time (Doc. 15 at 6). Accordingly, he argues, he should be allowed to seek federal review of a Rule 3.800(a) motion after it is rejected by the Florida court, notwithstanding the AEDPA statute of limitations (Doc. 15 at 7). This argument is foreclosed by Eleventh Circuit precedent. In *Webster v. Moore*, a § 2254 petitioner filed an application for state habeas corpus relief in compliance with the Florida rules, but outside the one-year AEDPA grace period. The petitioner argued that because his state petition complied with Florida rules, it should have acted to toll the federal time provision; however, the Eleventh Circuit disagreed, holding that the existence of a two-year state limitations period did not abrogate a petitioner's responsibility to comply with the shorter federally-mandated time provision. 199 F.3d at 1256. Likewise, although there is no time limit for filing a Rule 3.800(a) motion under Florida law, the federal AEDPA statute operates independently of the state statute, and Petitioner was not excused from compliance with the shorter federal statute of limitation.

Petitioner also notes that he was incarcerated after three different trials and three different proceedings, and as a result, it is difficult to know "exactly where and when those Federal Clock[s] expires or starts." (Doc. 15 at 6). Petitioner further states that it was only after several years of study and research that he was able to recognize that his sentence was unlawful. *Id.* To the extent

6

Petitioner alleges his ignorance of relevant law as a basis for equitable tolling, he is entitled to no relief. An inmate's lack of legal knowledge, his failure to understand legal principles, or his inability to recognize potential claims for relief at an earlier juncture do not constitute extraordinary circumstances sufficient to warrant equitable tolling. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (*pro se* status and ignorance of the law do not justify equitable tolling); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000) (lack of legal knowledge or legal resources, even in a case involving a *pro se* inmate, does not warrant equitable tolling); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (unfamiliarity with the legal process during the applicable filing period does not merit equitable tolling). Petitioner is not entitled to equitable tolling.

Any allegations not specifically addressed herein that attempt to excuse Petitioner's failure to file the instant petition within the one-year period of limitation have been found to be without merit.

### III. Certificate of Appealability

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'"*Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Petitioner has not made the requisite showing in these circumstances and is not entitled

to a certificate of appealability. Further, because Petitioner is not entitled to a certificate of appealability, he is not entitled to proceed *in forma pauperis* on appeal.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Darryl Lewis Davis (Doc. 1) is **DISMISSED WITH PREJUDICE** as untimely.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** at Orlando, Florida, this 26th day of April, 2013.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-4 4/26
Darryl Lewis Davis